MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Eldridge, | No.   CV 13-0888-PHX-DGC (JFM) |
| Plaintiff, | |
| vs. | **ORDER** |
| Director Charles Ryan, et al., | |
| Defendants. | |

On April 30, 2013, Plaintiff Joseph Eldridge, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).   On May 28, 2013, Plaintiff filed a "Motion to Release All: Document – Transcript – Medical Records & Mental Records" (Doc. 7).   On July 3, 2013, he filed a Motion for Appointment of Counsel (Doc. 8) and a Motion for Protective Custody (Doc. 9).   On July 11, 2013, he filed an Application for Deferral or Waiver of Court Fees and/or Costs (Doc. 10) and an unsigned, incomplete Affidavit in Support.

## I.   Application to Proceed *In Forma Pauperis*, Application for Deferral, and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).   The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).

The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

Because the Court has granted the Application to Proceed, the Court will deny as moot Plaintiff's Application for Deferral.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

1    But as the United States Court of Appeals for the Ninth Circuit has instructed,
2    courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,
3    342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less
4    stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*
5    *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

6    **III.   Complaint**

7    In this three-count Complaint, Plaintiff sues the following Defendants: Arizona
8    Department of Corrections (ADOC) Director Charles Ryan, Bureau Administrator Stacey
9    Crabtree, and Corrections Officer II Williams.

10   In Count One, Plaintiff asserts that he was subjected to a threat to his safety by
11   Defendant Ryan, in violation of Plaintiff's Fifth, Eighth, and Fourteenth Amendment
12   rights.  Plaintiff alleges that despite Defendant Ryan giving Plaintiff "his word [that]
13   nothing would happen to [Plaintiff]," Defendant Ryan has done nothing to make Plaintiff
14   safe and Plaintiff has been sexually assaulted by an inmate with whom he shared a cell
15   and has had hot liquids thrown on him on three occasions.  Plaintiff claims he was denied
16   placement in protective custody or in a sex-offender yard after he told Defendant Ryan
17   about the sexual assault and that he has been subjected to a threat to his safety because
18   Defendant Ryan placed Plaintiff in the general population even though Plaintiff is
19   bisexual and a mental health inmate.  Plaintiff also asserts that due to severely low
20   staffing and overworked staff, his pod is unsupervised for hours at a time, the staff is "left
21   out of a[]lot of the things going on within the unit," and the inmates in the pod are
22   "heightened" because they are subjected to extreme overcrowding and a lack of exercise.
23   Plaintiff claims he would not have been assaulted with hot liquids if Defendant Ryan had
24   placed him in protective custody.

25   In Count Two, Plaintiff alleges that he was subjected to a threat to his safety by
26   Defendant Crabtree, in violation of his Fifth, Eighth, and Fourteenth Amendment rights.
27   Plaintiff claims he was sexually assaulted and an incident report was filed.  He contends
28   that Defendant Crabtree was informed about a threat to Plaintiff's safety because an "805

packet"[1] was filed.  Plaintiff asserts that Defendant Crabtree denied Plaintiff protective custody placement and directed prison officials to return Plaintiff to the general population, despite knowing that Plaintiff was in danger because he is bisexual and has been labeled a "snitch."  Plaintiff contends that had he been given protective custody placement, he would not have been assaulted with hot liquid.

In Count Three, Plaintiff alleges that he was subjected to retaliation and a threat to his safety by Defendant Williams, in violation of Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights.  Plaintiff claims that an inmate attempted to throw a hot liquid on Plaintiff when Plaintiff was going from his pod to the medical department.  Plaintiff claims Defendant Williams saw the inmate attempt to throw the hot liquid, but did nothing about it.  Plaintiff asserts that he told Defendant Williams that the inmate was going to throw the hot liquid on Plaintiff when he returned to his cell, but Defendant Williams did nothing to stop the inmate.  Plaintiff claims the same inmate threw a hot liquid on Plaintiff when Defendant Williams was taking Plaintiff back to his cell.  Plaintiff states that Defendant Williams is known to retaliate against inmates who call him names or make comments about his family, and Plaintiff believes Defendant Williams is "doing the same thing to [Plaintiff] by letting inmates throw [hot liquids] on [Plaintiff]."

In his Request for Relief, Plaintiff seeks monetary damages and injunctive relief.

**IV.    Failure to State a Claim – Retaliation**

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of

---

[1] ADOC Department Order 805 addresses Protective Custody.

(3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claim requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff's allegations of retaliation are too vague and conclusory to state a claim against Defendant Williams. At best, Plaintiff alleges that Defendant Williams has retaliated against inmates who insult him or his family, but Plaintiff does not allege that Defendant Williams retaliated against Plaintiff because Plaintiff had done so. Nor does Plaintiff allege that his protected conduct was a substantial or motivating factor behind Defendant Williams's inaction. Thus, the Court will dismiss without prejudice Plaintiff's retaliation claim in Count Three.

**V.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated deliberate indifference claims against Defendants Ryan, Crabtree, and Williams. The Court will require Defendants to answer the Complaint.

**VI.    Motion to Release**

Plaintiff's Motion to Release is premature at this point. In this Order, the Court will direct the Clerk of Court to send Plaintiff a service packet for Plaintiff to complete and return to the Court. If Plaintiff returns the packet to the Court, the Court will direct the United States Marshal to notify the Defendants of the commencement of the action, request waiver of service of the summonses, and serve Defendants if they do not waive

service.   The Court will issue a scheduling order setting discovery deadlines *after* Defendants have answered the Complaint.

**VII.    Motion for Appointment of Counsel**

There is no constitutional right to the appointment of counsel in a civil case.  *See Ivey*, 673 F.2d at 269.  In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one.   28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* prisoner litigants.  Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

**VIII.  Motion for Protective Custody**

In his Motion for Protective Custody, Plaintiff requests that the Court order ADOC to place him in a one-man protective custody cell.  Plaintiff claims that general population inmates have attempted to take his life by assaulting him and throwing hot liquids on him and that he has been labeled a "shink" and "gay."  Plaintiff states that he has informed ADOC of the threats, has pressed charges against inmates who have assaulted him sexually and with hot liquids, and fears that his life may be taken by a general population inmate.

The Court will require Defendants to file a response to the Motion for Protective Custody.

**IX.   Warnings**

    **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.   Copies**

Because Plaintiff is currently confined in ASPC-Eyman and this case is subject to General Order 13-11, Plaintiff is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  If Plaintiff is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 13-11.

    **D.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

    (1)   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**..

    (2)   As required by the accompanying Order to the appropriate government

agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)   The retaliation claim in Count Three is **dismissed** without prejudice.

(4)   Defendants Ryan, Crabtree, and Williams must answer the Complaint.

(5)   The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Ryan, Crabtree, and Williams.

(6)   Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)   If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)   The United States Marshal must retain the Summons, a copy of the Complaint, a copy of the Motion for Protective Custody, and a copy of this Order for future use.

(9)   The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(a)     personally serve copies of the Summons, Complaint, Motion for Protective Custody, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, the Motion for Protective Custody, or this Order and for preparing new process receipt and return forms (USM-285), if required.   Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)  **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)  Defendants must **answer** the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)   Defendants **must file a response** to Plaintiff's Motion for Protective Custody (Doc. 9) **within 20 days** of the date of service of the Complaint.  Plaintiff may file a **reply** within 10 days of Defendants' Response.

(14)   Plaintiff's Motion to Release (Doc. 7) is **denied as premature**.

(15)   Plaintiff's Motion for Appointment of Counsel (Doc. 8) is **denied without prejudice**.

TERMPSREF

1      (16)    Plaintiff's Application for Deferral (Doc. 10) is **denied as moot**.

2      (17)    This matter is referred to Magistrate Judge James F. Metcalf pursuant to

3   Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

4   authorized under 28 U.S.C. § 636(b)(1).

5      Dated this 15th day of August, 2013.

David G. Campbell
United States District Judge

TERMPSREF