JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Gerald Lee Eldridge, <br> Plaintiff, <br> vs. <br> Charles L. Ryan, et al., <br> Defendants. | No. CV 13-0888-PHX-DGC (JFM) <br><br> **ORDER** |

Plaintiff Joseph Gerald Lee Eldridge brought this pro se civil rights Complaint under 42 U.S.C. § 1983 against Arizona Department of Corrections (ADC) Director Charles Ryan, Bureau Administrator Stacey Crabtree, and Corrections Officer II Williams (Doc. 1). Before the Court are Eldridge's two motions for preliminary-injunctive relief (Docs. 9, 46).[1] The Court will deny both motions.

**I.   Background.**

Eldridge alleged that Ryan and Crabtree failed to protect him from other inmates by placing him in general population and denying placement in protective custody or in a sex-offender yard (Doc. 1 (Counts I-II)). Eldridge averred that these Defendants denied him protective custody despite knowing that he is bisexual and has been labeled a snitch, and that he has been assaulted by other inmates as a result (*id.*). Eldridge claimed that

---

[1] As set forth in the Court's January 16, 2014 Order, Eldridge's second motion—entitled "Motion to Comply"—combines requests for injunctive relief and for discovery (Doc. 56, ref. to Doc. 46). That order addressed the discovery issues, and this order addresses the request for injunctive relief.

1  Williams failed to protect him from inmates who assaulted him by throwing hot liquid at
2  him, even though he warned Williams of the risk (*id.* (Count III)).

3  In his first motion for a preliminary injunction, Eldridge requested an order
4  directing ADC to place him in protective custody (Doc. 9). In their response, Ryan and
5  Crabtree stated that protective custody was granted on November 5, 2013, and Eldridge
6  will remain confined in a single cell in detention—where he has no contact with other
7  inmates—until the appeal period expires and housing in the protective-custody wing
8  becomes available (Doc. 31 at 2, Attach., McAdorey Decl. ¶¶ 7-9).

9  In his second motion, Eldridge requested an order (1) directing the paralegal, Mrs.
10 Uibliarri, to provide full packets of legal supplies and directing Richard Tipton to
11 approve any and all legal indigent supplies, (2) directing ADC staff to allow him access
12 to legal calls when requested, and (3) directing ADC staff not to delay his incoming or
13 outgoing mail (Doc. 46). Defendants did not respond to this second motion.

14 **II.    Legal Standard**

15 "A preliminary injunction is 'an extraordinary and drastic remedy, one that should
16 not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"
17 *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*,
18 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc.*,
19 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary
20 remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must
21 show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable
22 harm without an injunction, (3) the balance of equities tips in his favor, and (4) an
23 injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only
24 show that there are 'serious questions going to the merits'—a lesser showing than
25 likelihood of success on the merits—then a preliminary injunction may still issue if the
26 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter*
27 factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th
28 Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th

1  Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . .
2  must be balanced, so that a stronger showing of one element may offset a weaker
3  showing of another." *Lopez*, 680 F.3d at 1072.

4  Regardless of which standard applies, the movant "has the burden of proof on each
5  element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016,
6  1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a
7  mandatory preliminary injunction, which should not be granted "unless the facts and law
8  clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1441
9  (9th Cir. 1986) (citation omitted); *see Dahl v. HEM Pharmaceuticals Corp.*, 7 F.3d 1399,
10 1403 (9th Cir. 1993) ("mandatory preliminary relief is subject to heightened scrutiny").

11 The Prison Litigation Reform Act imposes additional requirements on prisoner
12 litigants who seek preliminary injunctive relief against prison officials and requires that
13 any injunctive relief be narrowly drawn and the least intrusive means necessary to correct
14 the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d
15 987, 999 (9th Cir. 2000).

16 **III.  Discussion**

17 Because Eldridge is now approved for protective custody, he has received the
18 relief sought in his first preliminary-injunction motion (*see* Doc. 37 (Pl. reply memo.
19 confirming his protective-custody status)). His motion will therefore be denied as moot.

20 Eldridge's second motion requests relief related to his access to the court (Doc.
21 46). The Court may therefore consider the motion even though it is unrelated to the
22 merits of Eldridge's underlying Eighth Amendment claim. *See Kaimowitz v. Orlando*,
23 122 F.3d 41, 43 (11th Cir. 1997) (generally, an injunction should not issue if it "is not of
24 the same character, and deals with a matter lying wholly outside the issues in the suit");
25 *Prince v. Schriro*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22,
26 2009) (if the request for relief concerns the prisoner's access to the courts, "a nexus
27 between the preliminary relief and the ultimate relief sought is not required") (citing
28 *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990)).

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of access to the courts, however, is only a right to bring petitions or complaints to the federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *see also Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995). To maintain an access-to-the-courts claim, an inmate must submit evidence showing an "actual injury" resulting from the defendant's actions. *See Lewis*, 518 U.S. at 349. With respect to an existing case, the actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim." *Id.* at 348-49.

It may be possible that an arbitrary refusal to provide legal supplies could lead to a finding of denial of access to the courts. *See Gluth v. Kangas*, 951 F.2d 1504, 1508 (9th Cir. 1991) (arbitrarily denying access to a prison library could constitute a violation of the right of access to the courts, even if the regulations governing library access were arguably facially valid). But Eldridge must show actual injury to support his request for an injunction, and, here, the Court finds that he fails to make that showing. *See Lewis*, 518 U.S. at 349. There is no evidence that Eldridge has been denied access to the Court or that a lack of sufficient legal supplies has actually resulted in a delay or the inability to file something. Indeed, the docket in this matter reflects that he has filed numerous motions, response memorandums, and discovery notices (*see* Docs. 27, 32-35, 37-38, 45-46, 48-50, 54). Eldridge does not allege that he has been denied the ability to call his attorney, nor does he indicate when or if ADC has held his incoming or outgoing mail and what the consequences were.

In addition to the lack of any actual or irreparable injury showing, Eldridge has not addressed any of the other requirements that must be shown to warrant injunctive relief. *See Winter*, 555 U.S. at 20. Consequently, his second motion seeking injunctive relief will be denied.

/ / /

/ / /

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Eldridge's Motion for Protective Custody (Doc. 9) and Motion seeking preliminary injunctive relief (Doc. 46).

(2) Eldridge's Motion for Protective Custody (Doc. 9) is **denied** as moot.

(3) Eldridge's Motion seeking preliminary injunctive relief (Doc. 46) is **denied**.

Dated this 3rd day of February, 2014.

David G. Campbell
United States District Judge