WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Gerald Eldridge, | No. CV-13-00888-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Joseph Gerald Eldridge has filed an objection to an order entered by Magistrate Judge Metcalf on March 17, 2014 (Doc. 75) denying without prejudice Plaintiff's motion to return legal files or for a stay. Doc. 82. Plaintiff has also filed an objection to an order entered by Judge Metcalf on March 19, 2014 (Doc. 76) denying without prejudice Plaintiff's motion to compel production. Doc. 82. For the reasons that follow, the Court will not reconsider Judge Metcalf's orders.

**I.     Legal Standard.**

"A district judge may reconsider a magistrate's order in a pretrial matter if that order is 'clearly erroneous or contrary to law.'" *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (quoting 28 U.S.C. § 636(b)(1)(A)); *see Grimes v. City & County of S.F.*, 951 F.2d 236, 240 (9th Cir. 1991) ("The district court shall defer to the magistrate's orders unless they are clearly erroneous or contrary to law.") (citing Fed. R. Civ. P. 72(b)).

## II. Analysis.

Plaintiff has not demonstrated that either of Judge Metcalf's orders was erroneous or contrary to law. As to Plaintiff's motion to return legal files or for a stay, Plaintiff repeats his claims that he was denied access to legal supplies. Doc. 82 at 2. Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of access to the courts, however, is only a right to bring petitions or complaints to the federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *see also Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995). To maintain an access-to-the-courts claim, an inmate must submit evidence showing an "actual injury" resulting from the defendant's actions. *See Lewis*, 518 U.S. at 349. With respect to an existing case, the actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim." *Id.* at 348-49.

Although Plaintiff alleges that his access to court has been hindered and that "Defendants did two of the conference and then on the three Telephone conference do to Plaintiff not having access to legal documents or court orders [sic throughout]" (Doc. 82 at 1-2), Plaintiff has presented no evidence that his alleged lack of access to legal supplies resulted in an actual injury.

As to Plaintiff's motion to compel, Plaintiff states that he does not understand the portion of Judge Metcalf's order instructing him that future motions "should be supported by references to the specific discovery requests served, and should summarize the responses or objections, and should demonstrate why the responses are inadequate and/or why the objections should be overruled." Doc. 76 at 1. That Plaintiff did not understand is not a ground for the Court to reconsider Judge Metcalf's order. For the sake of clarity, in any renewed motion to compel, Plaintiff must: (1) refer to a specific discovery request which he has served on Defendants; (2) inform Judge Metcalf whether Plaintiff then received any response or objection to his discovery request from Defendants; and (3) explain to Judge Metcalf why any responses or objections submitted by Defendants were

1 either inadequate or should be overruled. Plaintiff also argues that he was not aware of
2 all of the Federal Rules of Civil Procedure. Doc. 83 at 2. This is not grounds for
3 reconsidering Judge Metcalf's order. *See King v. Atiyeh*, 814 F.2d 565, 567
4 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern
5 other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("*pro se*
6 litigants in the ordinary civil case should not be treated more favorably than parties with
7 attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th
8 Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in
9 which he litigates.").

**IT IS ORDERED** that Plaintiff's objections (Docs. 82, 83) are **denied**.

Dated this 8th day of May, 2014.

_____
David G. Campbell
United States District Judge